**IT IS ORDERED as set forth below:**



Date: March 3, 2023

_____
**Wendy L. Hagenau**
U.S. Bankruptcy Court Judge

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| IN RE: | CASE NO. 20-71994-WLH |
| JOHNNY DARRELL HALL, | CHAPTER 7 |
| Debtor. | |

**ORDER ON TRUSTEE'S MOTION TO DEPOSIT FUNDS INTO COURT REGISTRY**

**THIS MATTER** is before the Court on the Chapter 7 Trustee's Motion to Pay Debtor's Exemptions into the Court Registry (Doc. No. 88) (the "Motion").

Facts and Procedural History

Debtor filed for Chapter 13 bankruptcy relief on November 23, 2020. On August 24, 2021, his case was converted to one under Chapter 7. Kyle A. Cooper was appointed as Chapter 7 Trustee (the "Trustee"). On September 29, 2021, Debtor amended Schedule C to claim a $15,000

exemption in his residence at 963 Ivy Lane NW, Conyers, GA 30012, pursuant to O.C.G.A. § 44-13-100(a)(1)

During the course of the bankruptcy case, Wilmington Trust National Association, as Successor Trustee to Citibank, N.A., as trustee for the Merrill Lynch Mortgage Investors Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-HE2 ("Wilmington") sought relief from the automatic stay as to Debtor's residence. The Court granted relief from the stay on October 27, 2021, and Wilmington subsequently foreclosed on the real property. The Trustee was thereafter notified that proceeds in excess of the debt existed.

On May 5, 2022, Debtor's counsel filed a suggestion of death (Doc. No. 87). The Trustee endeavored to administer the estate pursuant to Federal Rule of Bankruptcy Procedure 1016, which provides "[d]eath . . . of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death . . . had not occurred." The Trustee was unable to locate an administrator or executor of Debtor's potential probate estate. Accordingly, the Trustee filed the Motion on December 19, 2022, seeking to pay Debtor's $15,000 exemption into the Court Registry pending determination as to who was entitled to the funds.

The Court held a hearing on the Motion on January 19, 2023, at which the Trustee and his counsel (Kathleen Steil), and Debtor's father (Lyman Hall), and sister (Elizabeth Giles) appeared virtually. Debtor's father acknowledged no probate proceeding had been instituted and claimed he should receive the funds because his son was not married and the Debtor's mother was deceased. After hearing argument from the parties, the Court continued the hearing for interested parties to provide any written documents or evidence.

On February 8, 2023, Tarunna Talley submitted a letter to the Court (Doc. No. 97) requesting the funds. She stated she was the Debtor's fiancé and had lived together with Debtor in

his home for 15 years, but they never married. Ms. Talley stated she and Debtor raised her children together, but she and Debtor did not have any biological children together.

Debtor's father, Lyman Roy Hall, also filed papers with the Court indicating Debtor passed away on December 22, 2021 (Doc. No. 99).

The Court held a continued hearing on the Motion on March 2, 2023, at which time the Trustee, Ms. Steil, Ms. Talley, and Debtor's father and sister appeared virtually. Ms. Talley stated Debtor did not have a will; she and Debtor lived together but never married; they did not have any biological children together; and Debtor did not have any legally adopted children. Debtor's sister and father agreed Debtor died without a will, was not married, and had no biological or adopted children.

Analysis

Debtor qualified for the $15,000 exemption, and the exemption survives his death. See Armstrong v. Peterson (In re Peterson), 897 F.2d 935, 939 (8th Cir. 1990)(because the debtor qualified for the exemption on the petition date, the debtor's subsequent death was "irrelevant."); Ohanian v. Irwin (In re Irwin), 338 B.R. 839, 851 (E.D. Cal. 2006) ("[I]t is well settled that a claimed exemption (if valid under [section] 522(b) at the time of filing) survives the death of the debtor." (citations omitted)). The question is, to whom should the Trustee pay the Debtor's exemption? This Court has jurisdiction to decide that question. In re Brown, 521 B.R. 205, 217 (Bankr. S.D. Tex. 2014).

For the reasons stated on the record, which the Court reserves the right to supplement, the Court finds, by operation of law, the funds are payable to Debtor's father. Georgia law, O.C.G.A. § 53-2-1, provides rules for determining a decedent's heir when a decedent dies without a will. The Georgia Code provides when a decedent dies without a will, and "[i]f the decedent is not survived by a spouse, the heirs shall be those relatives, as provided in this Code section, who are

in the nearest degree to the decedent in which there is any survivor[.]" O.C.G.A. § 53-2-1(c)(2). Children of the decedent are in the first degree, parents of the decedent are in the second degree, and siblings of the decedent are in the third degree. Those who survive the decedent share the estate equally. Id. at (c)(3)-(4). Thus, if the decedent is not survived by a spouse or child, the decedent's parents take their child's estate in equal portions. If only one parent is surviving, that parent takes the entire estate. See id.

Neither the Georgia Code nor case law expressly define "spouse," but Georgia law provides three requirements to constitute a valid marriage: parties able to contract; an actual contract; and consummation according to law. O.C.G.A. § 19-3-1. Spouses by virtue of common law marriage entered into after January 1, 1997 are not recognized in Georgia, O.C.G.A. § 19-3-1.1; see also In re Est. of Smith, 298 Ga. App. 201 (2009), and "no legal rights . . . flow from mere cohabitation." Matter of Est. of Blowers, 200 Wash. App. 1056 (2017). Thus, where the decedent does not provide written instructions to the contrary, a surviving parent has priority over a fiancé. Seals v. H & F, Inc., 301 S.W.3d 237, 247 (Tenn. 2010).

Debtor passed away without a will. The Debtor and Ms. Talley were not married. Ms. Talley stated she lived with the Debtor for 15 years, but that time period is after 1997 so no evidence was presented that the Debtor and Ms. Talley were in a common law marriage before 1997. By operation of Georgia law, Debtor's parents are entitled to inherit his property. Since Debtor's mother is deceased, Debtor's father Lymon Roy Hall is entitled to the $15,000 currently held by the Trustee.

Conclusion

For the reasons stated on the record on January 19, 2023 and March 2, 2023 and outlined above,

**IT IS ORDERED** that the Motion is **DENIED**.

**IT IS FURTHER ORDERED** the Trustee is authorized to issue payment of Debtor's exemption in the Property (including any excess foreclosure sale proceeds recovered by the Trustee) in the amount of $15,000 to Debtor's father, Lyman Roy Hall.

### END OF DOCUMENT

**Distribution List**

Kyle A. Cooper, Trustee
120 Travertine Trail
Alpharetta, GA 30022

Office of the United States Trustee
362 Richard Russell Building
75 Ted Turner Drive, SW
Atlanta, GA 30303

Rushi D. Patel
The Patel Law Group, LLC
1995 N. Park Pl SE, Ste 565
Atlanta, GA 30339

Ms. Tarunna Talley
2724 Davidson Dr
Lithonia, GA 30058

Mr. Lyman Leroy Hall
1989 Arnold Dairy Farm Rd
Social Circle, GA 30025